### CONSAGRA COAL CO. et al. v. BOROUGH OF BLAKELY et al.
### Civil Action No. 1358.

District Court, M. D. Pennsylvania.

April 27, 1944.

John W. Crolly and Gerard W. O'Malley, both of Scranton, Pa., for plaintiffs.

L. D. Savige and Philip V. Mattes, both of Scranton, Pa., for defendants.

JOHNSON, District Judge.

This is a motion, filed in this Court on April 14, 1944, in which the plaintiffs request this Court to remand the cause to the Court of Common Pleas of Lackawanna County, Sitting in Equity, from whence it came.

The facts are as follows: Under the same caption used in the heading of the case in this Court, the above named plaintiffs filed their bill in Equity to Number 1, September Term, 1944, in the Court of Common Pleas of Lackawanna County, Sitting in Equity, naming the same defendants.

The plaintiffs are engaged in mining operations in the Borough of Blakely,

Lackawanna County, Pennsylvania, and are citizens of the Commonwealth of Pennsylvania. The defendants named are also citizens of the Commonwealth of Pennsylvania.

The bill in equity alleges that the plaintiffs now are, and have been, since May 1, 1943, engaged in the conduct of mining operations (par. 4) "as the duly authorized Operating manager for the United States of America by virtue of Executive Orders of seizure, use and occupation issued by Honorable Franklin D. Roosevelt as President of the United States and as Commander in Chief of the Army and Navy of the United States, which said Executive Orders are dated May 1, 1943, No. 9340 and November 1, 1943, No. 9393, respectively, and as such Executive Orders are and have been supplemented by Orders and Directions of Honorable Harold L. Ickes, Secretary of the Interior, and as the duly authorized Coal Mines Administrator and by and under Regulations issued pursuant to such Orders and Directions whereby the United States of America, through the President of the United States and as its Commander in Chief of the Army and Navy, has seized said coal mine, colliery, property and assets of said Consagra Coal Company at Blakely, County and State aforesaid." There are other paragraphs in the Bill in Equity in which Louis Consagra is named as operating manager for the United States, one of which alleges irreparable injury to the plaintiffs as well as to the United States of America.

The bill reveals that on January 6, 1944, the Borough of Blakely filed a bill of complaint against Temple Coal Company (Lessor of Louis Consagra), and Consagra Coal Company to Number 10 January Term, 1944, Lackawanna County, seeking to enjoin those defendants from mining coal in the Borough of Blakely under streets and highways within a certain area described therein. The bill further reveals that on March 30, 1944, the defendant, Louis Consagra, was indicted in the County of Lackawanna to Number 152 April Sessions, 1944, for improper and illegal mining. The bill further states that the defendants are not mining and have not mined any coal within the area designated in the bill of complaint filed to Number 10, January Term, 1944, but alleges that without awaiting the result of the equity and criminal issues begun in the Courts of Lackawanna County, the defendant John Taylor, as

Burgess of the Borough of Blakely, together with police officers of the Borough, came upon the premises of the plaintiffs and prevented the coal miners employed by plaintiffs from entering the mine, and refused and still refuse to vacate the mining premises so as to permit the operation of the mine.

It is thus determined that the basis for plaintiff's bill is an alleged tort committed by the Borough of Blakely, through its Burgess and police, for the termination of which the plaintiffs have sought relief in equity.

The defendants have filed a petition for removal to this Court of the cause in equity above outlined and allege (par. 2): "The said suit is of a civil nature in Equity, brought by the United States or by an officer (or alleged officer) thereof authorized (or alleged to be authorized) by law to sue, to wit, Louis Consagra as 'operating manager for the United States of America.'" The petition for removal further alleges (par 3.) that: "Said suit also arises under the constitution and laws of the United States as set forth at length in the bill of complaint, with particular reference to paragraphs four and five and exhibits 'A' and '3' thereof and with further reference to the Acts of Congress and constitutional provisions upon which the executive orders therein mentioned are based."

Paragraph four, mentioned above, has been copied so far as is necessary, in full heretofore. Paragraph five refers to a telegram received by Louis Consagra from the Solid Fuels Administrator designating the said Louis Consagra as Operating Manager of Consagra Coal Company. Exhibit "A" is the basis for the allegations of paragraph five and exhibit "B" is a copy of an order of Harold L. Ickes, Secretary of the Interior, reciting the authority invested in him by Executive Order under which he determined that a strike or stoppage of work had occurred at the mining operation of the plaintiff and by reason of which he took possession of the operation and property. In this order the Operating Manager was designated, and authorized and directed to operate in accordance with the Regulations for the Operation of Coal Mines under Government Control, 8 F. R. 6656, 10712, 11344.

The foregoing recitation of facts constitute all necessary elements for the determination of the question involved, which is

78

whether this Court has jurisdiction of the subject matter or whether the matter will be remanded to the State Court.

It is the contention of the plaintiff that no basis exists for this Court to take jurisdiction of the subject matter of the bill, in that there is no diversity of citizenship; there is no Federal question involved and the bill does not claim money damages in any amount.

In support of the Order of the Court of Common Pleas of Lackawanna County, directing the removal of this cause to this District Court the defendants contend that the caption and the allegations of the bill show jurisdiction to be established in this Court for the reasons that Louis Consagra is named therein "as operating manager for the United States of America", and it is alleged therein that the actions of the defendants constitute illegal interference with the Federal Government in the operation and management of the mining operation.

■ The defendants also contend that the amount in controversy, although not named in the bill, must, due to the nature of the facts involved, exceed the sum of three thousand dollars. To this contention the answer must be made, firstly, that the amount in controversy, although an essential factor in jurisdiction is not, of itself alone, a controlling one, and secondly, in as much as no amount is stated in the bill and the plaintiffs do not seek money damages, this Court is not concerned with that factor as controlling jurisdiction in this case. Muir v. Louisville & N. R. Co., D.C., 247 F. 888.

The difficulty with the other contentions of the defendants is that the allegations of the bill with respect to the position of Louis Consagra as "Operating Manager for the United States of America" are not sufficient to establish the jurisdiction of this Court. One cannot allege himself into the jurisdiction of a court. If that were so it would be all too easy for parties in litigation so to present the allegations in their pleadings as to give to them whatever jurisdiction they might choose in utter disregard of the jurisdiction conferred upon the Court of their choosing by the Statutes conferring and controlling the jurisdiction of that particular Court.

■ The proposition that one cannot confer jurisdiction upon himself by the allegations in his pleadings is well illustrated by the instant case, for despite the allegations made, no jurisdiction rests in this Court to entertain the matter in litigation. An examination of the Regulations for the Operation of Coal Mines under Government Control, is sufficient to confirm this statement. It is under this Regulation that the plaintiff, Louis Consagra, was designated Operating Manager. And it is under this Regulation that the powers and restrictions of such a manager are to be found. It is therein set forth that title to the coal properties is to remain as theretofore; that the Government in taking custody will assert only such rights as are necessary to accomplish the National purpose of maximum production; that the operation will ordinarily be entrusted to an officer of the company formerly in charge of operations who is authorized to act for the said company; that the officer entrusted with such operation, together with all other officers and employees of the company, shall serve as the agents and employees of the mining company; that designation of any person as Operating Manager for the United States shall not be deemed to constitute him an officer or employee of the United States within the meaning of Federal Statutes governing personnel; and further and most important, that no Operating Manager is authorized to bring suit, accept service, or enter into any legal proceeding on behalf of the United States without specific direction from the Administrator.

■ It is not alleged in the bill that Louis Consagra, as Operating Manager, had received authorization from the Administrator to bring suit on behalf of the United States. Nor can an assumption to that effect be read into the bill. Such an authority must be specifically shown or the pleadings are defective. It is plain, throughout the Regulations, that the United States, in exercising control over coal mining operations, intended to do so in such a manner as to avoid responsibility for any liability arising from the operation of the mining properties. It is thus apparent, despite the manner in which the bill is drawn and contrary to some of the allegations made therein, that the United States is not, and cannot be a party plaintiff in this action. It therefore follows that this Court has no jurisdiction to consider and pass upon the present controversy which is a matter sounding in tort and solely within the jurisdiction of the

Court of Common Pleas of Lackawanna County.

And now, therefore, it is ordered that the cause filed in this Court to the above Civil Number be, and it hereby is, remanded to the Court of Common Pleas of Lackawanna County, Sitting in Equity; the costs to be assessed against the defendants.